## White Sewing Machine Company v. Mahoney, et al.

(Decided January 14, 1914.)

### Appeal from Daviess Circuit Court.

Appeal—When Finding of Fact by Jury Will Not Be Set Aside.— Where the jury is properly instructed, its finding of fact will not be set aside upon appeal, where it is not flagrantly against the weight of the evidence.

E. B. ANDERSON for appellant.

J. R. HAYS and ALBERT B. OBERST for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant brought this action to recover $1,146.00, the purchase price of fifty sewing machines which it sold to the appellees, of Owensboro, in April 1911.

The action was brought upon a drummer's written order which was signed by the appellees and accepted by the appellant. Appellees answered that the order was signed by a mistake upon their part and through the fraudulent representations of Shea, the drummer, in which he had agreed to send retail salesmen to Owensboro to demonstrate and sell the machines for appellees, the commission to be divided between appellees and the salesmen; and that the drummer had complied, in part only, with his said agreement.

Appellees further answered that by reason of the failure of the appellant to carry out the contract for furnishing the salesmen, they still had on hand twenty machines, which represented $460.00 of the purchase price. They made their answer a counterclaim, and asked

that plaintiff be compelled to accept said twenty un-
sold machines and credit the account sued on by the sum
of $460.00; for a judgment against plaintiff for $120.00
storage upon said machines; and $220.00 profits which
they would have made on a sale of the remaining twenty
machines, if appellant had carried out its contract.

Appellant replied traversing the allegations of fraud
and misrepresentation and denying Shea's authority to
make the contract for the service of the salesmen above
referred to.

The jury returned a verdict for appellant for $732.80
with interest and directed that the twenty machines on
hand be returned to the plaintiff.   From a judgment
upon that verdict the plaintiff appeals.

For a reversal appellant insists that the circuit court
erred in refusing to peremptorily instruct the jury to
find for the plaintiff, and also in instructing the jury.

By their verdict the jury substantially gave the plain-
tiff the purchase price for the thirty machines which
appellees had sold, and required them to return the re-
maining twenty machines to appellant and dismissed ap-
pellees' counterclaim.

The single issue between the parties was this: Was
the contract a sale as contended by appellant, or was it
an agreement by the appellees to sell the machines
through the salesmen of the appellant, dividing the
commissions between them?   The charge of fraud and
misrepresentation was incidental merely to the question
of the contract between the parties.   The circuit court
instructed the jury upon both phases of the question, and
the jury found the contract to be as claimed by the appel-
lees.   Under this state of fact, there being evidence upon
both sides of that proposition, it is not the province of
this court to lightly set aside the verdict.   Clearly, it
was not flagrantly against the weight of the evidence.

Judgment affirmed.